

PAUL M. WARNER, United States Attorney (#3389)
ERIC A. OVERBY, Assistant United States Attorney (#7761)
Attorneys for the United States of America
185 South State Street #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ORIGINAL COMPLAINT |
| Plaintiff, | |
| vs. | **2:01CV-0627 K** |
| TODD MARSHALL, | CASE NO. |
| Defendant. | |

The United States of America files this Original Complaint against Defendant Todd Marshall, alleging as follows:

### NATURE OF THE CASE

1. This is an action brought by the United States of America to recover from Defendant for fire suppression costs incurred as a result of a wild fire that burned Federal land.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1345.

3. Venue is appropriate in the District of Utah under 28 U.S.C. § 1391(b)(1), (2), and (3).

## PARTIES

4. Plaintiff, United States of America ("United States"), as sovereign, brings this suit for fire suppression costs and rehabilitation damages on land owned by the United States.

5. The Defendant is an individual, residing in Minersville, Utah, in the Central Division of the District of Utah.

## FACTS

6. On or about August 3, 2000, Defendant drove a 1969 International Harvester water truck on a narrow dirt road through a brushy area.

7. The fire danger was listed as "extreme" during this time.

8. Defendant knew the truck was poorly running, in need of a tune, often back-fired, blowing hot carbon deposits out the exhaust.

9. Defendants truck set numerous fires while driving down the road (the "Fire").

10. The United States incurred $18,146 in fire suppression costs related to Fire.

11. By letter dated May 7, 2001, the United States demanded that this debt be paid, but Defendant has refused.

### Common Law Negligence

12. Defendant knew or should have known that the operation of poorly running old truck in an area of extreme fire danger could result in a wild fire that could cause injury to property owners, including the United States, and, therefore, had a duty to the United States.

13. Defendant breached his duty by, *inter alia:* (1) failing to maintain the truck in good running condition so that it would not build up dangerous carbon particles in the exhaust system; and (2) failing to maintain the truck in good running condition, so that it did not back-fire and blow hot carbon particles out of the exhaust system, all so as to minimize the danger of starting a wild fire.

14. As a proximate result of the breach of duty by Defendant, the United States has been damaged in the amount of $18,146.00 , representing its damages and the costs incurred in suppression of the Fire.

15. Pursuant to 31 U.S.C. § 3717, the United States is entitled to 6% interest and 6% penalty on its damages from May 7, 2001 until paid.

16. Pursuant to 28 U.S.C. § 2412(b), the United States requests an award of costs and attorneys' fees against Defendant.

The United States, therefore, requests that judgment be entered in its favor and against Defendant, as follows:

   a. Damages in the amount of $18,146.00;

   b. Pursuant to 31 U.S.C. § 3717, the United States is entitled to 6% interest and 6% penalty on its damages from July 30, 2001 until paid, which together add $5.97 for each day that the debt remains unpaid;

   c. Pursuant to 28 U.S.C. § 2412(b), the United States requests an award of costs and attorneys' fees against Defendant; and

d.   Such other and further relief as this Court deems just and equitable.

DATED: August 16, 2001

PAUL M. WARNER,
United States Attorney

Eric A. Overby
Assistant United States Attorney